892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re STEWART-SMITH CONSTRUCTION, Debtor.
UNITED BANK of ARIZONA, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 88-15325.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1989.
Decided Dec. 14, 1989.
 
 Before NELSON, TROTT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 United Bank of Arizona appeals the district court's reversal of a summary judgment entered by the bankruptcy court, determining that the Bank's first priority lien pursuant to a stipulated order for use of cash collateral was law of the case such as to preclude the Internal Revenue Service from asserting its secured interest in an adversary proceeding. The issue is whether the IRS received proper notice of the proposed stipulated order and an opportunity to be heard. We agree with the district court's decision and affirm.
 
 I.
 
 3
 In January 1984, United Bank of Arizona and debtor Stewart-Smith entered into a "Revolving Loan and Security Agreement." This agreement provided that in exchange for the loaning of money, United Bank would have a first position, security interest in Stewart-Smith's inventory, supplies, furniture, fixtures, equipment, accounts receivable, insurance policies, and proceeds. United Bank recorded its security interest on January 31, 1984.
 
 
 4
 Stewart-Smith's failure to pay certain employment taxes due in 1983 and 1984 resulted in a lien arising in favor of the United States on all of Stewart-Smith's property and right to property. Two notices of federal tax liens were filed. The first, on April 11, 1984, reflected an unpaid balance of $136,455.02. The second, filed on February 22, 1985, refected an additional unpaid balance of $105,705.97.
 
 
 5
 On June 27, 1985, Stewart-Smith filed a voluntary petition in bankruptcy under Chapter 11 of the Bankruptcy Code. The Internal Revenue Service filed a "Proof of Claim for Internal Revenue Taxes" stating that the debtor was liable for $339,600.31 of unpaid employment taxes, interest, and penalties, as of the date of the bankruptcy petition.
 
 
 6
 On November 7, 1985, United Bank lodged in bankruptcy court a "Stipulated Order for Adequate Protection and Use of Cash Collateral." This stipulated order provided, among other things, that Stewart-Smith had "the right to use cash collateral representing the proceeds of property subject to any security interest of the Bank." Notice of this agreement was mailed to all creditors on November 26, 1985 pursuant to Bankruptcy Rule 2002(a)(3). The notice was mailed to the IRS Special Procedures Section, the IRS District Director, and the Secretary of the Treasury. The IRS failed to respond or lodge any objection to the stipulation. On April 24, 1986 the bankruptcy court entered a "Final Amended Stipulated Order for Adequate Protection and Use of Cash Collateral."
 
 
 7
 In May 1986, the bankruptcy court entered an order finding that Stewart-Smith was in violation of the stipulated order and prohibiting the company from using the cash collateral and proceeds of accounts receivable. Shortly thereafter, Stewart-Smith's bankruptcy was converted to a Chapter 7. On August 26, 1986 United Bank filed an "Application for Abandonment of Personal Property," relying on its secured claim on the Stewart-Smith assets. The IRS objected, claiming that it was entitled to Stewart-Smith's personal property because the tax liens filed on April 11, 1984 and February 22, 1985 took priority over United Bank's interest in the funds sought to be disbursed. An adversary proceeding in bankruptcy court was initiated to resolve the issue. United Bank moved for summary judgment on the ground that the stipulated order, which established United Bank's first priority lien, was the "law of the case." The bankruptcy court granted the motion; on appeal, the district court reversed and remanded, finding that the bankruptcy court's reliance on the "law of the case" doctrine was misplaced.
 
 
 8
 United Bank now appeals the district court's order. We review grants of summary judgment de novo. Ashton v. Cory, 780 F.2d 816, 818 (9th Cir.1986).
 
 II.
 
 9
 The stipulated order entered into on November 7, 1985 between United Bank and Stewart-Smith authorized Stewart-Smith to use cash collateral. Consequently, in order for the stipulated order to be valid, the parties had to comply with the requirements of Bankruptcy Code § 363(c)(2). Section 363(c)(2) provides that cash collateral may not be used, sold, or leased without either consent of "each entity that has an interest in such cash collateral," § 363(c)(2)(A), or notice and a hearing, § 363(c)(2)(B). Thus, the Code does not permit the debtor to use cash collateral unless interested parties, the secured creditors, consent or the court authorizes the use after notice and a hearing. United Bank contends that the stipulated order is a settlement agreement under § 363(c)(2)(A), thereby implicating the general notice requirements of Bankruptcy Rule 2002(a)(3), rather than a contested matter under § 363(c)(2)(B), which would fall under the specific notice provisions of Bankruptcy Rule 4001.
 
 
 10
 * United Bank argues that, at the time the stipulated order was entered into, it was the only known interested party since it was the only secured creditor listed on the debtor's Chapter 11 bankruptcy schedules. Therefore, it contends, the stipulated order comes within § 363(c)(2)(A) and it was necessary only to comply with the general notice provisions set forth in Bankruptcy Rule 2002(a)(3). However, United Bank was not the only secured creditor at the time Stewart-Smith filed its Chapter 11 petition. The IRS, by virtue of its tax liens filed on April 11, 1984 and February 22, 1985, also had a secured interest in the debtor's property and had filed a proof of claim in the Chapter 11 proceeding.
 
 
 11
 The Bank argues that the IRS's failure to object in the face of its Rule 2002 notice amounts to consent. As we recently stated, "the purposes underlying § 363(c)(2) ... require that a debtor seek affirmative express consent from all parties involved before using cash collateral." Freightliner Market Dev. v. Silver Wheel Freight, 823 F.2d 362, 368 (9th Cir.1987) (emphasis omitted). Because no express consent was obtained from the IRS, the requirements of § 363(c)(2)(A) were not met.
 
 B
 
 12
 Nor can United Bank find shelter under § 363(c)(2)(B). A § 363(c)(2)(B) action is not a compromise or settlement matter, but rather a contested matter governed by Bankruptcy Rule 4001. United Bank did not meet the specific notice requirements of Rule 4001.
 
 III.
 
 13
 As the district court noted, the bankruptcy court made no factual findings "regarding the existing priorities of secured creditors at the time it approved the Stipulated Order for Cash Protection." Thus, there is no basis to conclude either that United Bank had the sole interest in the cash collateral, or that the existing priorities between United Bank and the United States were such that United Bank could be considered the only interested party. Accordingly the district court did not err in remanding for further proceedings.
 
 
 14
 Affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3